Wardlaw, J.
delivered the opinion of the Court.
Whether the owner of land through which runs a Rail iRoad whose motive power is steam, must be presumed to have .subjected himself by contract to any hazard, or no; if he be (Subject to only such risks as are necessarily incident to the ;use of steam locomotives, such as actually occur notwithstanding the exercise of proper care and diligence, his case does .not differ from that of any other person who may sustain •damage from fire communicated by one of the steam engines. Either would have an action for damage through negligence : •¡neither could recover if it appeared that there was no negligence. When the fact of damage from the fire of the Rail Road has been •established by the sufferer, and nothing more appears, it might be important to consider whether the Rail Road company should .be held to show due care, or whether some evidence of want ;of care, should be required from the other side. In North Carolina (2 Iredell, p. 141) it has been held that “ the showing of (damage from an act which does not ordinarily produce damage, makes out a prima facie case against the road, which 'cannot be repelled but by proof of care, or of some extraordinary accident, which renders care useless.” But where, as in this .case, the manner in which the fire was communicated, if it did proceed from the engine, appears, it is immaterial whether the evidence comes from the plaintiff or defendant; *359 it must go to the jury, whose province it is to judge of the fact of negligence. The jury being instructed that the place of throwing the coals (supposing the fire to have ignited as the plaintiff’s witnesses said,) was the material inquiry, and that the place should have been one where no damage could happen, and the verdict still being for the defendant, the conclusion seems inevitable that the jury found either that .the iire did not proceed from the engine, or that there was no negligence in the selection of the place -for throwing the coals.. No countenance seems to have been given by the Circuit Judge to the notion, suggested in argument here as the ground of the verdict, that the damage resulted from the carelessness of the plaintiff’s agent. As to this matter, the supposed agent' does not appear so to have represented the plaintiff, as by his; want of diligence, to deprive the plaintiff of remedy for that, which another caused, even if he might have prevented it. The verdict seems then to be one found upon facts, under instructions either altogether unobjectionable, or (if in any particular wrong) harmless a.s to the questions presented. It appears to the Court, that there is not sufficient ground for disturbing the verdict, and the motion for new trial is dismissed.
The opinion of the Court is reserved upon the 'question which was made on the part of the defendant, concerning the right of the plaintiff as administrator, to maintain this action for damage done to the freehold in the lifetime of his intestate. The question is mentioned only to prevent this case from being drawn into precedent.
O’Neall, J. Evans, J. and Frost, J. concurred.
Withers, J. absent.